**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Amiee Moss, | : |
|           Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Hunter Warfield, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT** |
|           Defendants. | : |

For this Complaint, Plaintiff, Amiee Moss, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of, *inter alia,* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Amiee Moss ("Plaintiff"), is an adult individual residing in Naperville, Illinois, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, Hunter Warfield, Inc. ("HWI"), is a Maryland business entity with an address of 96931 Arlington Road, Suite 400, Bethesda, Maryland 20814, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by HWI and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. HWI at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

7. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to HWI for collection, or HWI was employed by the Creditor to collect the Debt.

10. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Engages in Harassment and Abusive Tactics**

11. On or about January 13, 2017, HWI began contacting Plaintiff in an attempt to collect the Debt.

12. On or about February 10, 2017, HWI threatened to garnish Plaintiff's wages if she did not enter into a payment plan.

13. As a result of HWI's threat, Plaintiff entered into a payment plan despite disputing the validity of the Debt.

14. On or about February 13, 2017, Plaintiff cancelled the payment plan.

15. HWI again threatened Plaintiff with wage garnishment.

16. Upon information and belief, HWI has neither sued Plaintiff nor obtained a judgment against her.

### C. Plaintiff Suffered Actual Damages

17. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

18. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

21. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

22. Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character and/or legal status of the Debt.

23. Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened Plaintiff with garnishment if the Debt was not paid.

24. Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

25. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

26. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair

and unconscionable means to collect the Debt.

27. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

28. Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendants as follows:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 15, 2017

        Respectfully submitted,

        By  /s/ Sergei Lemberg

        Sergei Lemberg, Esq.
        LEMBERG LAW, L.L.C.
        43 Danbury Road, 3rd Floor
        Wilton, CT 06897
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        Attorney for Plaintiff